**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**PIKEVILLE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 7:17-1-KKC** |
|     **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **HAYWOOD GORE,** | |
|     **Defendant.** | |

*** *** ***

Defendant Haywood Gore moves (DE 320) for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 44). With the motion, Gore asks that the Court reduce his sentence to time served or order that the remainder of his sentence be served at home.

To the extent that Gore asks that the Court order that he serve the remainder of his sentence on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015).

To the extent that Gore requests that the Court order his compassionate release from prison, the Court cannot grant that relief at this time either. On October 11, 2017, the defendant pleaded guilty to two counts of conspiring to distribute crack cocaine. By judgment dated March 19, 2018, this Court sentenced the defendant to a total prison term of 135 months.  He is currently incarcerated at FCI Williamsburg, and his projected release date is December 30, 2026.

18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21,

1

2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. The government concedes that Gore waited 30 days after requesting compassionate release from the warden before filing this motion. Accordingly, the Court may consider the motion.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance, but the Sixth Circuit has determined it does not apply to "cases where an imprisoned person files a motion for compassionate release." *United States v. Jones*, No. 20-

2

3701, 2020 WL 6817488, at *7 (6th Cir. Nov. 20, 2020). Thus, until the Sentencing

Commission updates the policy statement to reflect that inmates may now file a

compassionate-release motion on their own, district courts have "full discretion . . . to

determine whether an 'extraordinary and compelling' reason justifies compassionate

release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.*

Gore, however, does not set forth any circumstances that the Court could find so

extraordinary and compelling that they warrant his release from prison. He relies on the

existence of COVID-19 at FCI Williamsburg. The risks posed by COVID-19 have caused

stress and disruptions for individuals in all parts of society, including prisons.

Nevertheless, the existence of the virus in a prison cannot alone constitute extraordinary

and compelling circumstances for purposes of the compassionate release statute. Gore does

not provide any evidence indicating that he has health conditions that put him at a

particularly high risk of complications from COVID.

Even assuming extraordinary and compelling circumstances existed, the Court must

still consider whether "the factors set forth in section 3553(a) to the extent that they are

applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 2020

WL 6817488, at *6. These factors include:

(1) the nature and circumstances of the offense and the history and
    characteristics of the defendant;

(2) the need for the sentence imposed--
    (A) to reflect the seriousness of the offense, to promote respect for
        the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational
        training, medical care, or other correctional treatment in the
        most effective manner; [and]

3

(3)  the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

The Court considered these factors extensively at Gore's sentencing and has reconsidered them for this motion. Gore was convicted of a serious drug offense. He had a criminal history that included a prior felony drug conviction. He has served only about a third of the sentence the Court imposed. The Court commends Gore for the steps he has taken while imprisoned to improve himself and to ensure that he lives a meaningful life upon release as detailed in a letter supporting his motion (DE 324). Considering the § 3553(a) factors, however, for the reasons stated in this opinion and at the time of Gore's sentencing, it is not appropriate to order his release at this time.

Accordingly, the Court **HEREBY ORDERS** that Gore's motion for compassionate release (DE 320) is DENIED.

Dated February 10, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

4